UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL NO. 06-120-DCR

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

VS:                        RECOMMENDED DISPOSITION OF
                                  MOTION TO SUPPRESS

JUAN FRANCISCO LOPEZ                                                                                      DEFENDANT

\* \* \* \* \* \* \*

Defendant Juan Francisco Lopez filed a Motion to Suppress, challenging the validity of a Kentucky State Police vehicle search that found evidence supporting the charged conduct at issue. Lopez stands indicted for violating 21 U.S.C. § 841(a)(1)(possession with intent to distribute 50+ grams of crack) and 18 U.S.C. § 924(c)(1)(knowingly carrying a firearm in relation to the drug-trafficking crime), plus a forfeiture count. *See* DE #8. The United States responded in opposition. *See* DE #18. Neither party sought to introduce evidence concerning the issues, relying on the record as adequate for resolution of the legal issues presented. Because no warrant authorized the search, the United States bears the burden on suppression. *See, e.g., United States v. Marzook*, 435 F. Supp. 2d 778, 781 (N.D. Ill. 2006) (discussing burden for warrantless search). The parties stipulate the controlling facts,[1] and thus the question here turns only on matters of law.

---

[1] The United States tenders the underlying state reports regarding the arrest, which it only secured on December 4, 2006. The parties agreed that the record at the time of the suppression hearing–namely, the Affidavit supporting the Criminal Complaint–would supply the basis for decision. Although the state reports shed more light on the arrest at issue, law enforcement's averred basis for arrest in the Affidavit was only "reckless driving." Because the agreed record supplies an adequate basis for resolving the motion, and being sensitive to the impending trial, the Court will not reopen the record for proof that might authenticate the tendered records or expand the basis for arrest presented in the Affidavit.

Based on the Affidavit supporting the Criminal Complaint, as accepted by the parties, the Court finds the following:

KSP Trooper Cromer observed a vehicle operating at the speed of 106 mph on I-75 South, in Rockcastle County, Kentucky at 12:45 a.m. on September 27, 2006. Cromer, keeping the vehicle in sight, turned on and stopped the vehicle. The Trooper then ascertained that Defendant, the only person in the vehicle, was the driver, verified Defendant's identity, and placed Defendant under custodial arrest for reckless driving. Cromer physically removed Defendant from the subject vehicle and placed Defendant in the rear of Cromer's KSP cruiser. Cromer then immediately searched the passenger area of Defendant's vehicle, incident to the arrest. That search yielded a container (a brake shoe box) under the driver's seat, which held the illegal drugs (73 grams of crack) and the firearm (a loaded .40 caliber Glock handgun) referenced in the Indictment. *See* DE #1 (Complaint, with Affidavit).

Defendant makes two arguments in support of the suppression motion. He argues that the search was an inappropriate, warrantless search that violated the Fourth Amendment. Defendant also argues that the underlying custodial arrest was unlawful. The Court has considered and rejects both arguments, for the reasons that follow.

1.   *Belton* validates the search, which Trooper Cromer validly effected incident to arrest.

In *Belton*, the Supreme Court established the following rule concerning a vehicle search incident to arrest of an occupant:

> [W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the

passenger compartment of that automobile.

*New York v. Belton*, 101 S. Ct. 2860, 2864 (1981). The search permission extends to "any containers found within the passenger compartment" whether such containers be "open or closed." *See id.* As is relevant here, "container" includes "boxes, bags . . . and the like." *See id.* n. 4. Belton supplies what now is a "single, familiar standard" with respect to warrantless vehicle searches incident to lawful custodial arrest. *See id.* at 2863.

The Sixth Circuit, of course, follows this rule. As stated in *Northrop v. Trippett*, 265 F.3d 372, 379 (6th Cir. 2001)(citing *Belton*), "[T]he right to search an item incident to arrest exists even if that item is no longer accessible to the defendant at the time of the search. So long as the defendant had the item within his immediate control near the time of his arrest, the item remains subject to a search incident to arrest." *See also United States v. Hudgins*, 52 F.3d 115, 120 (6th Cir. 1995)(upholding search, under *Belton*: "After placing defending in the back of the police cruiser, the officers searched the passenger compartment of defendant's automobile. On these facts, it is clear that *Belton* controls and that the search of defendant's automobile was proper as a search incident to arrest.").

Defendant argues that Trooper Cromer stopped and arrested him only for reckless driving.[2] Defendant further states that there was not probable cause to suggest that any evidence relevant to

---

[2] This is the sole basis for arrest reflected in the Affidavit. The reports tendered by the United States indicate that Defendant may also have failed to produce a driver's license, in violation of KRS § 186.510, a Class B misdemeanor. *See* KRS § 186.990(3). Because that argument depends on materials outside the Affidavit, the Court does not rely on that basis for a decision.

the basis for arrest–reckless driving–would appear in the vehicle. As such, Defendant contends that the warrantless search was improper.

*Belton* and the cited Sixth Circuit cases necessarily constrain the Court to reject Defendant's motion. Trooper Cromer undoubtedly placed Defendant under custodial arrest and then promptly searched the passenger area of Defendant's vehicle incident to that arrest.[3] Cromer discovered the gun and contraband in a container directly under the driver's seat. Clearly, *Belton* and its progeny sanction and permit the type of search conducted, despite the pre-search separation and secure removal of the arrested party. *See United States v. Poole*, 407 F.3d 767, 773 (6th Cir. 2005)(upholding search of area that "would have been within [defendant's] reach had he not been handcuffed," and stating, "[a] search incident to arrest may encompass the areas that would be within the defendant's reach, even when the defendant is restrained.").

Given the state of the law, Defendant's argument under *Belton* really is an effort to preserve the issue for future appellate consideration. Defendant, citing to concurring opinions by Justices Scalia and O'Connor in *Thornton v. United States*, 124 S. Ct. 2127 (2004), argues that *Belton*'s established rule should no longer apply in circumstances such as this. Defendant crafts his argument to fit the *Belton* parameters suggested by Justice Scalia. Whether *Belton* needs pruning is not for this Court to say. Consistent with binding precedent, the Court rejects Defendant's effort to suppress under *Belton*.

---

[3] Defendant concedes, for purposes of this analysis, that the search was sufficiently contemporaneous with the arrest to be deemed "incident to" the arrest, under *Belton*.

2.	The arrest was lawful.

Defendant contends that Trooper Cromer could not lawfully arrest him based only on the speed at which Defendant drove on the date in question. Trooper Cromer clocked Defendant's vehicle at 106 mph on the interstate. The Trooper arrested Defendant for violating KRS § 189.290, the statute that requires vehicle operation "in a careful manner" and forms the basis for a reckless driving charge under Kentucky law. *See Hutchinson v. Commonwealth*, 2003 WL 22220333, at *1 (Ky. App. 2003)(characterizing § 189.290(1): "This statute covers what is commonly referred to as 'reckless driving.'").

Contrary to Defendant's contentions, Kentucky law explicitly authorized Trooper Cromer to arrest Defendant, in this scenario. KRS § 431.005(1) provides:

> A peace officer may make an arrest . . .
>
> (e) *Without a warrant when a violation of KRS 189.290. . . . has been committed in his presence*.

*See id.* (emphasis added); *see also* KRS § 431.015(2)(permitting "physical arrest" for a *violation* of KRS § 189.290).[4] Here, Trooper Cromer[5] personally observed Defendant engaging in conduct–*i.e.*, driving at a rate of 106 mph–that there is probable cause to believe would be a violation of the statute. *See Huff v. Commonwealth*, 406 S.W.2d 831, 833 (Ky. 1966)(discussing jurisdictional issue

---

[4] Such arrest power is constitutional. *See Atwater v. City of Lago Vista,* 121 S.Ct. 1536, 1557 (2001) (upholding arrest for offense that could only result in fine, not imprisonment, and stating: "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.")

[5] Cromer undoubtedly is a "peace officer" under § 431.005. KRS § 15.380 identifies "State Police officers" as "officers" that "shall be certified." KRS § 431.005 states that a "peace officer" is an officer "certified pursuant to KRS 15.380."

and suggesting that driving "in the neighborhood of 100 miles per hour, for about six miles, . . . was a continuous unlawful act" under § 189.290). Trooper Cromer's observation, and indeed common sense, support the belief that a person operating a vehicle at 106 mph on a public highway is driving recklessly and in violation of KRS § 189.290. Kentucky law permitted the arrest, and probable cause supported the arrest. The Court rejects Defendant's suppression argument premised on the validity of the arrest.

## RECOMMENDATION

For all the reasons stated, the Court recommends that the District Court deny the First Motion to Suppress filed by Defendant. *See* DE# 17.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b)(1) and local rule, within ten days after being served with a copy of this recommended disposition, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

This the 7th day of December, 2006.

Signed By:
*Robert E. Wier* REW
United States Magistrate Judge