UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-120-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JUAN FRANCISCO LOPEZ, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Juan Francisco Lopez's motion to suppress the evidence obtained from the search of his vehicle.  [Record Nos. 17, 22]  Pursuant to 28 U.S.C. § 636(b)(1), this motion was referred to United States Magistrate Judge Robert E. Wier for a Report and Recommendation.  On December 7, 2006, the Magistrate Judge filed his Report and Recommendation [Record No. 24], recommending that the Defendant's motion be denied.  Thereafter, the Defendant filed objections to the Report and Recommendation.[1]  After reviewing the relevant pleadings and the Magistrate Judge's recommendation, the Court believes that the Magistrate Judge's recommendation and recommendation should be adopted in full.  Accordingly, the Defendant's motion to suppress will be denied.

## I.   RELEVANT FACTS

On September 27, 2006, Kentucky State Police Trooper Tommy Cromer observed a black Lincoln passenger vehicle traveling at the speed of 106 miles per hour on Interstate 75 South in

---

[1]   Neither the Defendant nor the United States requested a hearing.

Rockcastle County, Kentucky.  Trooper Cromer stopped the vehicle at exit 62 in Mount Vernon, Kentucky, after keeping it in sight at all times.  The trooper identified Juan Francisco Lopez as the sole occupant and driver of the vehicle, and placed him in custodial arrest for reckless driving.  After placing Lopez in the rear of the patrol car, the trooper searched the passenger area of Lopez's vehicle and located a brake-shoe box under the driver's seat. Inside the box was approximately 73 grams of crack cocaine contained in a clear plastic bag, a set of digital scales, and a Glock .40 caliber handgun loaded with ten rounds of ammunition. These items are the subject of the Defendant's motion to suppress.

## II.    DISCUSSION

In support of his motion, the Defendant argues that both the arrest and the search incident to the arrest were unlawful.  However, the Magistrate Judge thoroughly reviewed these issues in his Report and Recommendation and concluded that the Defendant's motion to suppress should be denied.  Thereafter, the Defendant filed objections, reiterating the arguments in his initial motion to suppress [Record No. 17] and his supplemental motion to suppress.  [Record No. 22]

### A.    The arrest was lawful

The Defendant contends that his arrest was unlawful because the charge of reckless driving was not substantiated by any factors in addition to speeding.  However, the Defendant has not cited any direct authority to support his argument, and the only Kentucky case that mentions the issue supports the lawfulness of the arrest.  *See Huff v. Commonwealth*, 406 S.W. 2d 831, 833 (Ky. 1966) (discussing jurisdictional issues with respect to a violation of KRS §

189.290 and noting that "appellant operated his vehicle at a great rate of speed, in the neighborhood of 100 miles per hour, for about six miles. It was a continuous unlawful act . . . .")

Here, the Defendant was observed driving at a speed of 106 miles per hour on a public interstate at approximately 12:45 a.m. He was then pulled over by Trooper Cromer and arrested for reckless driving in violation of KRS § 189.290. That statute provides that "the operator of any vehicle upon a highway shall operate the vehicle in a careful manner, with regard for the safety and convenience of pedestrians and other vehicles upon the highway." KRS § 189.290. As the Magistrate Judge noted, "Trooper Cromer's observation, and indeed common sense, support the belief that a person operating a vehicle at 106 mph on a public highway is driving recklessly and in violation of KRS § 189.290." [Record No. 24, p.6]

Moreover, under Kentucky law, Trooper Cromer was explicitly authorized to arrest the Defendant for violating KRS § 189.290. Section 431.005(1) of the Kentucky Revised Statutes provides that,

(1) A peace officer may make an arrest . . .

(e) Without a warrant when a violation of KRS 189.290 . . . has been committed in his presence.

KRS § 431.005(1). According to the affidavit supporting the Criminal Complaint, Trooper Cromer personally observed the Defendant traveling at the rate of 106 miles per hour and kept the Defendant in sight until the time of the arrest. Trooper Cromer had probable cause to believe that the Defendant had violated KRS § 189.290 and, therefore, was authorized to arrest the

Defendant pursuant to KRS § 431.005(1).   Accordingly, the arrest was proper and the Defendant's motion to suppress will be denied.

### B.     The Search was Lawful

The Defendant also argues that the search incident to the arrest was unlawful based on Justice Scalia's concurring opinion in *Thornton v. United States*, 541 U.S. 615 (2004).  More specifically, the Defendant contends that the Trooper did not expect to find any evidence relevant to the underlying offense and, therefore, the search was unreasonable.

In *New York v. Belton*, 453 U.S. 454 (1981), the Supreme Court explicitly held that a police officer is authorized to search the passenger compartment of a vehicle incident to a lawful arrest.  In that case, the Court stated that,

> when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.

> It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach.  Such a container may, of course, be searched whether it is open or closed, since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have.

*Belton*, 453 U.S. at 460 (internal citations omitted).  According to the Sixth Circuit, "the right to search an item incident to arrest exists even if that item is no longer accessible to the defendant at the time of the search.  So long as the defendant had the item within his immediate control near the time of the arrest, the item remains subject to a search incident to arrest." *Northrop v. Trippett*, 265 F.3d 372, 279 (6th Cir. 2001).

-4-

In the present case, the Defendant was lawfully arrested pursuant to KRS § 431.005(1) for violating KRS § 189.290, and the Trooper conducted a search contemporaneous to the arrest. The search yielded a brake box (which contained the drugs, digital scales, and loaded weapon) located under the driver's seat, within the Defendant's immediate control prior to the arrest. According to the Magistrate Judge,

> [g]iven the state of the law, Defendant's argument under *Belton* really is an effort to preserve the issue for future appellate consideration. Defendant, citing to concurring opinions by Justices Scalia and O'Connor in *Thornton v. United States*, 124 S. Ct. 2127 (2004), argues that *Belton*'s established rule should no longer apply in circumstances such as this. Defendant crafts his argument to fit the *Belton* parameters suggested by Justice Scalia. Whether *Belton* needs pruning is not for this Court to say.

[Record No. 24, p.4] As the Magistrate Judge noted, binding precedents support the lawfulness of the search incident to the arrest in this case. Accordingly, the search was lawful, and the Defendant's motion to suppress will be denied.

## III.    CONCLUSION

Having reviewed the record *de novo* in light of the Defendant's objections, 28 U.S.C. § 636(b)(1)(C), and being otherwise sufficiently advised, the Court agrees with the Report and Recommendation of the Magistrate Judge. [Record No. 24] Accordingly, it is hereby **ORDERED** that:

1.    The Defendant's Motion to Suppress [Record No. 17] and Supplemental Motion to Suppress [Record No. 22] are **DENIED**;

2.    United States Magistrate Judge Robert E. Wier's Report and Recommendation [Record No. 24] is **ADOPTED** and **INCORPORATED** herein by reference; and

-5-

3.      The Defendant's objections [Record No. 26] to this report are **OVERRULED**.

This 27th day of December, 2006.



Signed By:

_Danny C. Reeves_

United States District Judge