UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-120-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JUAN FRANCISCO LOPEZ, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

The focus of this case is upon certain evidence (*i.e.*, a firearm, drugs and drug paraphernalia) seized from Defendant Juan Lopez's car incident to his arrest. This Court has previously determined that the Sixth Circuit's June 1, 2009, Opinion and Judgment [Record No. 80] does not prevent further examination of whether an exception to the exclusionary rule applies under the facts presented. Likewise, the Court has concluded that the United States has not waived its right to argue that a good faith exception is applicable. [*See* Memorandum Opinion and Order filed September 1, 2009; Record No. 92][1]

After considering the parties' respective arguments, the Court concludes that the officer conducting the search of Lopez's car incident to his arrest acted in an objectively

_____

[1]     A hearing regarding suppression of the evidence seized from Lopez's car was held on September 14, 2009. During this hearing, counsel for Defendant Lopez indicated that, if the subject evidence was not suppressed for the reasons argued, he would not seek to withdraw his conditional guilty plea. Counsel for the United States likewise argued that, if the Defendant's suppression motion were denied, it believed that the only matter remaining would be to conduct a re-sentencing hearing.

reasonable and good faith manner and in accordance with established precedent.  Further, suppression of the evidence in issue would not deter improper police conduct.  As a result, the Court will again deny the Defendant's motion to suppress.

## I.    Relevant Facts

As discussed in prior opinions, on September 27, 2006, Defendant Lopez was stopped by a Kentucky State Police (KSP) Trooper near Mt. Vernon, Kentucky, after being clocked at a speed of 106 miles per hour.  Lopez was properly arrested and placed in the back of the trooper's vehicle.  Thereafter, the Defendant's automobile was searched incident to his arrest. The search revealed 73 grams of crack cocaine, scales, and a firearm.

During trial, Lopez was allowed to enter a conditional guilty plea whereby he reserved the right to challenge the Court's earlier decision to admit the evidence seized from his vehicle.  On April 21, 2009, while Lopez's appeal was pending, the United States Supreme Court held that lower courts have misinterpreted and misapplied *New York v. Belton*, 453 U.S. 454 (1981). *See Arizona v. Gant*, 129 S.Ct. 1710 (2009).  Pursuant to the *Gant* decision, the Sixth Circuit subsequently reversed Lopez's Judgment and remanded the case "for further proceedings consistent" with its opinion.

Following remand, the undersigned concluded that the Sixth Circuit Opinion and Judgment did not prevent this Court from addressing the United States' argument regarding admissibility of the weapon and drug evidence under the good faith exception to the exclusionary rule.  Further, the Court concluded that the United States had not waived this

argument by failing to raise it earlier in response to the Defendant's motion to suppress. [Record No. 92]

## II.    Analysis

As noted previously, the Supreme Court's decision in *Gant* does not address the consequences of its holding regarding searches conducted incident to lawful arrests in reliance on *Belton* and subsequent decisions applying *Belton*.  However, on July 28, 2009, the United States Court of Appeals for the Tenth Circuit addressed that precise issue in *United States v. McCane*, 2009 U.S. App. LEXIS 16557 (10th Cir., July 28, 2009).[2]   In a well-reasoned opinion, the Tenth Circuit held that the good faith exception to the exclusionary rule should be applied and that the evidence produced from the search of the subject vehicle should not be suppressed.  As the court explained:

> "The exclusionary rule is not an individual right and applies only where it results in appreciable deterrence [of police misconduct]." [*Herring v. United States*, 129 S.Ct. 695, 699 (2009).]  Because the purpose of the exclusionary rule is to deter police misconduct, *United States v. Leon*, 468 U.S. 897, 906 (1984), in determining whether to apply the rule the court is to weigh the benefits of the resulting deterrence against the costs of applying the rule.

*McCane*, *supra,* at *12.  The court then examined several cases applying the good faith exception recognized by *Leon*[3] and reached the following conclusion:

---

[2]     While McCane's appeal was pending, the Supreme Court issued its decision in *Gant*.  In light of the holding in *Gant*, the parties agreed that the district court erred in denying the motion to suppress the firearm on the ground that the search was proper as incident to a lawful arrest.  They disagreed, however, as to whether the district court's denial of the motion to suppress should be affirmed on an alternative ground based on the good faith exception to the exclusionary rule or the inevitable discovery doctrine.

[3]     These cases include: *Illinois v. Krull*, 480 U.S. 340,  (1987) (extending the *Leon* good faith exception to warrantless administrative searches and reaffirming that the standard to be applied to the officer's conduct is objective reasonableness; it does not "turn on the subjective good faith of the individual officer"); *Arizona*

-3-

Two inseparable principles have emerged from the Supreme Court's cases and each builds upon the underlying purpose of the exclusionary rule: deterrence. First, the exclusionary rule seeks to deter objectively unreasonable police conduct; i.e., conduct which an officer knows or should know violates the Fourth Amendment. . . .   Second, the purpose of the exclusionary rule is to deter misconduct by law enforcement officers, not other entities, and even if it was appropriate to consider the deterrent effect of the exclusionary rule on other institutions, there would be no significant deterrent effect in excluding evidence based upon the mistakes of those uninvolved in or attenuated from law enforcement. . . .   Based upon these principles, *we agree with the government that it would be proper for this court to apply the good-faith exception to a search justified under the settled case law of a United States Court of Appeals, but later rendered unconstitutional by a Supreme Court decision*.

 . . . a police officer who undertakes a search in reasonable reliance upon the settled case law of a United States Court of Appeals, even though the search is later deemed invalid by Supreme Court decision, has not engaged in misconduct.  The refrain in *Leon* and the succession of Supreme Court good-faith cases is that the exclusionary rule should not be applied to "objectively reasonable law enforcement activity." . . . Relying upon this settled case law of a United States Court of Appeals certainly qualifies as objectively reasonable law enforcement behavior.

(Citations and footnotes omitted, italics added.) *Id.* at *18-*19.

Like its sister circuits prior to *Gant*, the Sixth Circuit recognized as lawful under *Belton* searches of vehicles conducted incident to an arrest even in circumstances where the arrestee did not have access to the passenger compartment of his car.  *United States v. White*, 871 F.2d 41, 44 (6th Cir. 1989); *United States v. Martin*, 289 F.3d 392 (6th Cir. 2002) (under *New York v. Belton*, when a policeman has made a lawful custodial arrest of the occupant of

---

*v. Evans*, 514 U.S. 1 (1995) (extending the good faith exception to officers acting upon erroneous police computer record and holding that the *Leon* framework supports a categorical exception to the exclusionary rule for clerical errors of court employees); and *Herring v. United States*, ___ U.S. ___, 129 S.Ct. 695, 703 (2009)("The pertinent analysis of deterrence and culpability is objective, not an 'inquiry into the subjective awareness of arresting officers . . .'").

an automobile, he may, as a contemporaneous incident of that arrest, search the passenger

compartment of that automobile); *United States v. Jones*, 2005 U.S. App. LEXIS 25303 (6th

Cir., Nov. 18, 2005), *cert. den.*, 547 U.S. 1029 (2006) (once officers determine that there is

probable cause to arrest, it is reasonable for the officers to ensure their safety and to preserve

evidence by searching the entire passenger compartment); *United States v. White*, 2005 U.S.

App. LEXIS 3660 (6th Cir., Mar. 3, 2005) (under Supreme Court case law, when a

policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as

a contemporaneous incident to the arrest, search the passenger compartment of the

automobile); *United States v. Carlton*, 2002 U.S. App. LEXIS 16569 (6th Cir., Aug. 14,

2002) (When police has made a lawful custodial arrest of occupant of vehicle, he may as the

contemporaneous incident of that arrest, search the passenger compartment of the

automobile.  This is a bright-line rule.)

The Sixth Circuit's decision also recognizes that *Arizona v. Gant*, *supra*, constitutes

a change in the law regarding searches of vehicles incident to an arrest. Addressing Lopez's

argument, the court made the following observation:

> In *New York v. Belton*, 453 U.S. 454 (1981), the Supreme Court held that
> "when a policeman has made a lawful custodial arrest of the occupant of an
> automobile, he may, as a contemporaneous incident of that arrest, search the
> passenger compartment of that automobile." *Id.* at 460.  By its terms, then,
> *Belton* permitted the search here.
>
> But the Supreme Court has since changed the law.  In *Arizona v. Gant*, 556
> U.S. ___, No. 07-542 (Apr. 21, 2009), the Court held that "[p]olice may search
> a vehicle incident to a recent occupant's arrest only if the arrestee is within
> reaching distance of the passenger compartment at the time of the search or it

is reasonable to believe the vehicle contains evidence of the offense of arrest."
*Id.*, slip op. at 18.

[Record No. 80, p. 3]

After noting that the revised standard for a post-arrest search of Lopez's vehicle was not met under the circumstances presented, the Sixth Circuit concluded that "[t]he search of Lopez's vehicle, therefore, violated the Fourth Amendment as interpreted in *Gant*."  The court did not reverse the judgment of conviction with instructions that the charges be dismissed.  Instead, it stated that, "[t]he judgment of the district court is reversed *and remanded for further proceedings consistent with this opinion*." (Italics added.) [Record No. 80, p. 4]

The government now argues that the exclusionary rule should not apply to the questioned evidence in this case because the search of Lopez's car was conducted "in good faith reliance on *Belton* and its progeny." [Record No. 83, p. 4] Citing *United States v. Leon*, 468 U.S. 897, 910 (1984), *Illinois v. Krull*, 480 U.S. 340, 352-53 (1987), and *Arizona v. Evans*, 514 U.S. 1, 10 (1995), it pointed out that the Supreme Court has limited the exclusionary rule's application to those situations in which (1) the deterrent purposes that it is designed to serve will be furthered, and (2) where the benefits of suppression outweigh its substantial social costs.  *See also*, *Herring v. United States*, 129 S.Ct. 695 (2009). [Record No. 83, p. 4]  Applying this standard, it argues that the purpose of the exclusionary rule would not be served through exclusion of the evidence found in Lopez's vehicle immediately

following his arrest.  Conversely, the Defendant argues that the Court should examine the officers subjective intent and understanding of the law at the time of the arrest.

At the time of the Defendant's arrest, the officers conducting the search had every reason to believe that their actions were completely proper.[4]  No benefit – marginal or otherwise – would be served by suppressing the evidence taken from Lopez's car incident to his arrest.  Simply put, suppression will not deter misconduct by police.  As the Supreme Court summarized in *Arizona v. Evans*,

> The exclusionary rule operates as a judicially created remedy designed to safeguard against future violations of Fourth Amendment rights through the rule's general deterrent effect.  *Leon*, *supra*, at 906; *Calandra*, *supra*, at 348.  As with any remedial device, the rule's application has been restricted to those instances where its remedial objectives are thought most efficaciously served.  *Leon*, *supra*, at 908; *Calandra*, *supra*, at 348.  Where "the exclusionary rule does not result in appreciable deterrence, then, clearly, its use . . . is unwarranted."  *United States v. Janis*, 428 U.S. 433, 454 (1976).

514 U.S.1 (1995).

Here, the arrest was proper and the officer conducted the search in accordance with existing case law from this circuit.  There is absolutely no evidence (or even argument) that

---

[4]      The United States also cites *United States v. Peltier*, 422 U.S. 531 (1975), as support for its argument that the exclusionary rule is not served by deterring police officers from taking actions that were consistent with controlling law at the time the actions were taken.

> Unless we are to hold that parties may not reasonably rely upon any legal pronouncements emanating from sources other than this Court, we cannot regard as blameworthy those parties who conform their conduct to the prevailing statutory or constitutional norm.  If the purpose of the exclusionary rule is to deter unlawful police conduct then evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment.

*Id.* at 542 (internal citations and footnote omitted). [Record No. 83, p. 5]

the officer conducting the search was reckless in any way.  While police conducting searches incident to arrests will likely change following *Gant*, the officer conducting the search of Lopez's vehicle acted appropriately at that time.  In short, a reasonably well-trained officer would not have known or concluded that the search was "illegal" in light of all the circumstances presented.  *Herring*, 129 S.Ct. at 703; *Leon*, 468 U.S. at 922.  And under the authority cited above, the Defendant's assertions that the Court should examine subjective intent of the officer is misplaced.

### III.    Conclusion

Based on the foregoing discussion, it is hereby **ORDERED** that Defendant Juan Francisco Lopez's Motion to Suppress is **DENIED**.

This 23rd day of September, 2009.



Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**

-8-